■ JOHN FRISCIA et al., Respondents, v NEW PLAN REALTY TRUST, Defendant and Third-Party Plaintiff, and DELAWARE VALLEY SIGN CO., Doing Business as DVS INDUSTRIES, Defendant and Third-Party Plaintiff-Respondent. RAMAPO SIGN CO., Third-Party Defendant-Appellant; UNITED RETAIL, INC., Formerly Known as SIZES UNLIMITED, INC., Third-Party Defendant-Respondent. (And a Related Action.) [699 NYS2d 478] —In an action to recover damages for personal injuries, etc., the third-party defendant and second third-party defendant Ramapo Sign Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated August 17, 1998, as (1) granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6), and (2) granted the respective cross motions of the third-party defendant United Retail, Inc., f/k/a Sizes Unlimited, Inc., and the defendant second third-party plaintiff Delaware Valley Sign Corp., d/b/a DVS Industries, for summary judgment on their claims against it for common-law indemnification.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6), and substituting therefor a provision denying the plaintiffs' motion, and (2) deleting the provision thereof granting the cross motions of the third-party defendant United Retail, Inc., and the defendant second third-party plaintiff, Delaware Valley Sign Corp., d/b/a DVS Industries, for summary judgment on their claims against Ramapo Sign Co. for common-law indemnification, and substituting therefor a provision granting the cross motions in the event that the plaintiffs recover against United Retail, Inc., and Delaware Valley Sign Corp., d/b/a DVS Industries, in the main action; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for the protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (*Jock v Fien,* 80 NY2d 965, 967-968). Although the reach of Labor Law § 240 (1) is not limited to work performed on actual construction sites (*see, Joblon v Solow,* 91 NY2d 457), in order to be entitled to the protection of the statute, a plaintiff must establish that he was performing work during " 'the erection, demolition, repair-

ing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York,* 93 NY2d 322, 325; *Lombardi v Stout,* 80 NY2d 290; *Johnson v Rapisarda,* 262 AD2d 365). In the instant case, the issue of whether the injured plaintiff was engaged in a task required for the completion of repair or alteration work covered by the statute presents a factual question which must await resolution at trial. Accordingly, the plaintiffs' motion for summary judgment pursuant to Labor Law § 240 (1) should have been denied. Similarly, the plaintiffs are not entitled to summary judgment on their Labor Law § 241 (6) claim, since there is an issue of fact as to whether the injured plaintiff was still performing work covered by the statute at the time of his accident (*see, Jock v Fien, supra*).

Furthermore, the Supreme Court properly concluded that United Retail, Inc. (hereinafter United), and Delaware Valley Sign Corp., d/b/a DVS Industries (hereinafter DVS), are entitled to summary judgment on their respective third-party claims against the appellant. An owner or general contractor held vicariously liable for injuries sustained by a subcontractor's employee is entitled to common-law indemnification from the subcontractor whose negligence was the sole cause of the worker's injuries (*see, Perez v Spring Cr. Assocs.,* 265 AD2d 314; *Werner v East Meadow Union Free School Dist.,* 245 AD2d 367; *Mackey v Beacon City School Dist.,* 216 AD2d 534). Since there is no evidence that United or DVS exercised any control or supervision over the manner in which the injured plaintiff performed his work, they are entitled to common-law indemnification from the appellant subcontractor in the event that the plaintiffs recover from them in the main action (*see, Perez v Spring Cr. Assocs., supra*; *Werner v East Meadow Union Free School Dist., supra*; *Isnardi v Genovese Drug Stores,* 242 AD2d 672). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.