■ KATHLEEN J. HYMAN, Individually and as Executrix of STEPHEN HYMAN, Deceased, Plaintiff, v AURORA CONTRACTORS, INC., Appellant-Respondent, and J.J.&L. MECHANICAL CORPORATION, Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. ENVIRONMENTAL SYSTEMS OF NEW YORK, Third-Party Defendant-Respondent-Appellant. [743 NYS2d 12] —Amended order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered March 9, 2001, which, in an action brought pursuant to Labor Law § 240 (1), awarded damages upon a jury verdict apportioning liability as against, inter alia, defendant Aurora Contractors, Inc. and third-party defendant Environmental Systems of New York (Environmental), unanimously affirmed, without costs.

Plaintiff's decedent, a construction worker employed by third-party defendant Environmental, fell to his death through an unguarded skylight at the subject construction site. Since the jury's apportionment of liability turned upon its finding as to which of the defending parties controlled the area surrounding the skylight, evidence concerning the implementation of post-accident safety measures was properly admitted (see, Fernandez v Higdon El. Co., 220 AD2d 293).

Environmental's contention that the court erred in permitting the action against it to stand on the ground that defendant Aurora had a pending "cross claim" against it is raised for the first time on appeal. We note, however, that Environmental answered Aurora's "cross claim" against it as if it were a proper pleading, and thereby waived the claim of error it now makes. Had a timely objection been made, the court could have simply extended the time in which to serve the third-party complaint on Environmental nunc pro tunc to the time that the cross claim was originally served on it, the cross claim having fully apprised Environmental of the nature of Aurora's claim against it. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.