SWEENEY STEEL SERVICE CORP., Respondent, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND et al., Appellants, et al., Defendant. [775 NYS2d 647]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 14, 2003. The order denied the motion of defendants Fidelity and Deposit Company of Maryland and NCM Americas, Inc. for summary judgment and dismissed as moot plaintiff's cross motion seeking a continuance pursuant to CPLR 3212 (f) in a breach of contract action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this breach of contract action against defendant insurers Fidelity and Deposit Company of Maryland and NCM Americas, Inc. (collectively, NCM defendants) for denying plaintiff's claim for credit insurance coverage. Supreme Court denied that part of the motion of the NCM defendants for summary judgment dismissing the complaint against them, ruling that they failed to establish as a matter of law that the buyer to whom plaintiff extended credit became insolvent after the policy was cancelled

on July 31, 2001 (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). We disagree. The limitation clause at issue appears in section 5-E of the policy and states: "If this POLICY is terminated or cancelled by the INSURED for any reason, or by the COMPANY for reason of nonpayment of the premium, coverage under the POLICY shall not apply to any INSOLVENCY which occurs after the date of termination or cancellation."

Contrary to the court's conclusion, the NCM defendants met their initial burden of establishing their entitlement to judgment as a matter of law by submitting proof that plaintiff's buyer did not become insolvent until August 21, 2001, three weeks after the cancellation of the policy.

Plaintiff contends that the policy's enumeration of 16 "insolvency" events raises a triable issue of fact whether the buyer was in fact insolvent within the meaning of the policy prior to July 31, 2001, but it has failed to submit facts supporting its contention that any of those events actually occurred. Nevertheless, plaintiff demonstrated that facts necessary to oppose the motion may exist, and that it has not had the opportunity to obtain disclosure with respect to those events that may bring plaintiff's loss within the policy provisions (*see* CPLR 3212 [f]). We therefore reverse the order and grant plaintiff's cross motion seeking a continuance pursuant to CPLR 3212 (f), and we remit the matter to Supreme Court to determine the motion after affording plaintiff the opportunity to pursue such disclosure for purposes of determining whether an insolvency event occurred during the policy period. Present—Pigott, Jr., P.J., Green, Wisner and Hurlbutt, JJ.