■ Sang Hyun Ban, Appellant, v Sunjin Shipping USA, Inc. et al., Respondents. [805 NYS2d 620]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated February 25, 2005, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause

of action alleging violation of Labor Law § 240 (1), and granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Sunjin Shipping USA, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Sunjin Shipping USA, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the causes of action alleging violations of Labor Law § 200 and common-law negligence are reinstated insofar as asserted against the defendant Sunjin Shipping USA, Inc.

The plaintiff failed to establish, prima facie, the absence of a triable issue of fact as to whether, at the time of the accident, he was engaged in the alteration or repair of a building or structure within the meaning of Labor Law § 240 (1) (*see Friscia v New Plan Realty Trust,* 267 AD2d 197 [1999]; *see also Kretzschmar v New York State Urban Dev. Corp.,* 13 AD3d 270 [2004]; *Acosta v Banco Popular,* 308 AD2d 48 [2003]; *cf. Weininger v Hagedorn & Co.,* 91 NY2d 958 [1998]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1).

The court erred, however, in granting summary judgment to the defendant Sunjin Shipping USA, Inc. (hereinafter Sunjin), dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Sunjin failed to establish, prima facie, that it had no notice of the hazardous condition that allegedly caused the accident (*see Ciesielski v Buffalo Indus. Park,* 299 AD2d 817, 818-819 [2002]; *Scotti v Federation Dev. Corp.,* 289 AD2d 322, 323-324 [2001]).

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.