THOMAS H. ATON, Appellant-Respondent, v SYRACUSE UNIVERSITY et al., Respondents-Appellants. [807 NYS2d 509]—

Appeal and cross appeal from an order of the Supreme Court,

Onondaga County (William R. Roy, J.), entered April 4, 2005. The order denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and denied defendants' cross motion for partial summary judgment dismissing that cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a tower while installing a "lighting/ roof grid system" inside the Carrier Dome in Syracuse. Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action, and we therefore modify the order accordingly. We agree with plaintiff that he established as a matter of law that he was injured as the result of a fall from an elevated work site and that defendants failed to provide a sufficient safety device (see Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]; Baum v Ciminelli-Cowper Co., 300 AD2d 1028, 1029 [2002]). The nondelegable duty under Labor Law § 240 (1) is met by furnishing, placing and operating safety devices that provide proper protection (see Haystrand v County of Ontario, 207 AD2d 978 [1994]).

Contrary to the contention of defendants, they failed to raise an issue of fact whether plaintiff's actions were the sole proximate cause of the accident. According to defendants, plaintiff was instructed to wait until the bolts were tightened before climbing the tower and the accident occurred because he failed to do so. The record establishes, however, that the accident occurred after plaintiff had been informed that he could climb the tower. In any event, where there is a statutory violation that is a proximate cause of the injuries, "plaintiff cannot be solely to blame for [the injuries]" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). Present— Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.