■ Torvec, Inc., et al., Appellants, v CXO on the Go of Delaware, LLC, et al., Respondents. (Appeal No. 1.) [831 NYS2d 800]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), entered May 8, 2006 in a declaratory judgment action. The judgment was entered in favor of defendants upon an order that, inter alia, denied plaintiffs' motion for summary judgment and granted defendants' cross motion for, inter alia, partial summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, defendants' cross motion is denied, the claims alleged in paragraph Nos. 36 (b) and (c) and 38 (b) and (c) are reinstated and plaintiffs' cross motion is granted upon condition that plaintiffs shall serve the proposed amended reply to the counterclaims within 20 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Plaintiffs, a publicly held corporation and its president and chief executive officer, commenced this action seeking, inter alia, a declaration that the latter two of three letter agreements entered into between plaintiffs and defendant CXO on the GO, LLC (CXO) and defendant CXO on the GO of Delaware, LLC (CXO Delaware), respectively, are void and unenforceable. Plaintiff corporation specializes in developing automotive technology and CXO, a business consulting firm, entered into two letter agreements with plaintiffs pursuant to which CXO would provide advisory services for the "commercialization and production" of a full terrain vehicle in

exchange for, inter alia, compensation in the form of stock and warrants to purchase stock in plaintiff corporation. Pursuant to the second of the three letter agreements, CXO would provide three of its members to serve as plaintiff corporation's chairman of the board, chief executive officer and chief financial officer, and that agreement also set forth the terms of defendants' compensation. Pursuant to the third letter agreement, CXO Delaware was substituted as successor to CXO. In their answer, defendants asserted 14 counterclaims seeking, inter alia, a declaration that all three letter agreements are valid and enforceable. Plaintiffs moved for summary judgment, and defendants cross-moved for, inter alia, "partial summary judgment . . . severing that portion of their First and Eleventh Counterclaim against [plaintiff corporation] for breach of its contractual obligations . . . pursuant to the [letter agreements] and directing [plaintiff corporation] to deliver . . . [warrants to purchase stock and the corresponding] stock certificates" to defendants. In addition, plaintiffs cross-moved for leave to amend their reply to the counterclaims. Supreme Court, inter alia, denied plaintiffs' motion and cross motion and granted defendants' cross motion, and plaintiffs appeal.

We conclude that the court properly denied plaintiffs' motion for summary judgment but erred in granting defendants' cross motion for partial summary judgment. Plaintiffs are correct that provisions of a contract requiring directors of a corporation to select and maintain certain individuals as corporate officers are void because they are in violation of Business Corporation Law § 701 (*see Gazda v Kolinski*, 91 AD2d 860, 861 [1982], *affd in part and appeal dismissed in part* 64 NY2d 1100 [1985]; *see generally McQuade v Stoneham*, 263 NY 323, 328-330 [1934], *rearg denied* 264 NY 460 [1934]; *Manson v Curtis*, 223 NY 313, 320-324 [1918]). However, whether the illegal provisions actually restricted the board of directors and whether provisions of the agreements may survive the illegal provisions are "issue[s] of fact or at least . . . mixed issue[s] of fact and law" (*Triggs v Triggs*, 46 NY2d 305, 310 [1978], *rearg denied* 46 NY2d 940 [1979]). Contrary to defendants' contention, the warrants to purchase stock are consideration for the letter agreements rather than separate, enforceable agreements. Thus, the court erred in granting defendants' cross motion.

In addition, the court abused its discretion in denying the cross motion of plaintiffs for leave to amend their reply to the counterclaims to include fraud in the inducement as an affirmative defense. The cross motion was made before any discovery was conducted, there was no inordinate delay in seeking such

relief, and there was no showing of prejudice to defendants (*see* CPLR 3025 [b]; *Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195 [2007]; *Prote Contr. Co. v New York City School Constr. Auth. [Christopher Columbus H.S.]*, 248 AD2d 693, 695 [1998]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.