■ STATE OF NEW YORK, Appellant-Respondent, v SANTARO INDUSTRIES, INC., Respondent-Appellant. [850 NYS2d 784]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, J.), entered January 18, 2007 in an action for contractual indemnification. The order denied the motion of plaintiff and cross motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, the State of New York (State), commenced this action seeking contractual indemnification arising from injuries sustained by defendant's employee while working on a construction project for the State. The prior Labor Law and common-law negligence action commenced by defendant's employee and his spouse against the State ultimately resulted in a settlement on damages in the amount of $500,000. The settlement followed a trial on liability in the Court of Claims, in which the State was found liable pursuant to Labor Law §§ 200 and 241 (6), but the court subsequently vacated that portion of the judgment finding the State liable pursuant to section 200. The State then moved for summary judgment on contractual indemnification on the ground that its liability was vicarious only, because it did not exercise supervision or control over the work of defendant's employee. Defendant cross-moved for summary judgment dismissing the complaint on the ground that the State's negligence barred any recovery for contractual indemnification. Supreme Court denied both the motion and cross motion. We affirm.

We note at the outset that only the "corrected Interlocutory Judgment on liability" with respect to Labor Law § 241 (6) is before us, inasmuch as the court vacated the prior interlocutory judgment that also found the State liable with respect to Labor Law § 200 (*see generally Church v New York State Thruway Auth.*, 16 AD3d 808, 810 [2005]).

We conclude that the court properly denied the motion of the State. In order to establish its entitlement to judgment as a matter of law, the State was required, inter alia, to establish that the settlement amount was reasonable, and it failed to meet that burden (*see Van Epps v Town of Verona* [appeal No. 2], 305 AD2d 1035, 1036 [2003]; *Jemal v Lucky Ins. Co.*, 260 AD2d 352 [1999]). In addition, the State failed to meet its burden of establishing its entitlement to contractual indemnification, because it failed to establish as a matter of law that it

was not itself negligent and that any liability on the part of the State for the injuries sustained by defendant's employee was vicarious only (*see* General Obligations Law § 5-322.1; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997], *rearg denied* 90 NY2d 1008 [1997]; *Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449-450 [2007]). We conclude on the record before us that the State failed to meet that burden inasmuch as it failed to establish that it exercised no supervision or control over the work of defendant's employee (*see generally Friscia v New Plan Realty Trust*, 267 AD2d 197, 198 [1999]).

We further conclude that the court properly denied defendant's cross motion inasmuch as, in seeking that relief, defendant contended that the State was found negligent in the prior action in the Court of Claims. The record belies that contention, because the Court of Claims did not specify whether its finding of liability under Labor Law § 241 (6) was based on negligence by the State or based on the State's vicarious liability (*see generally id.*). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.