# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**687**

**CA 11-01153**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

KENNETH M. SCHLAU, JR., PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, ET AL., DEFENDANTS,
AND FREY ELECTRIC CONSTRUCTION CO., INC.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (KIMBERLY A. GEORGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 17, 2011 in a personal injury action. The order and judgment, among other things, granted the motion of defendant Frey Electric Construction Co., Inc. for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion of Frey Electric Construction Co., Inc. without prejudice and reinstating the amended complaint and cross claims against it and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff, an employee of a concessionaire at defendant HSBC Arena (Arena), commenced this action seeking damages for injuries he sustained after receiving an electrical shock from the handle of an electronically secured door at the Arena. We conclude that Supreme Court erred in granting the motion of defendant Frey Electric Construction Co., Inc. (Frey) seeking summary judgment dismissing the amended complaint and cross claims against it. Frey's "motion is premature because discovery has not been completed, including depositions concerning the respective roles, if any, of the parties involved in the accident" (*Syracuse Univ. v Games 2002, LLC*, 71 AD3d 1531, 1531-1532). We therefore modify the order and judgment by denying Frey's motion without prejudice and reinstating the amended complaint and cross claims against it (*see Coniber v Center Point Transfer Sta., Inc.*, 82 AD3d 1629; *Hobbs v Enprotech Corp.*, 12 AD3d

1063, 1064).

Entered: June 15, 2012

Frances E. Cafarell
Clerk of the Court