Dunn v Covanta Niagara I, LLC (2020 NY Slip Op 02018)





Dunn v Covanta Niagara I, LLC


2020 NY Slip Op 02018


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1165 CA 18-02233

[*1]TROY A. DUNN, PLAINTIFF,
v
COVANTA NIAGARA I, LLC, LPCIMINELLI, INC., DEFENDANTS-APPELLANTS, KANDEY COMPANY, INC., PINTO CONSTRUCTION SERVICES, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 






HODGSON RUSS LLP, BUFFALO (W. SETH CALLERI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT KANDEY COMPANY, INC.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-RESPONDENT PINTO CONSTRUCTION SERVICES, INC. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 2, 2018. The order, insofar as appealed from, denied that part of the cross motion of defendants Covanta Niagara I, LLC and LPCiminelli, Inc. seeking summary judgment on their cross claims for contractual defense and indemnification against defendants Kandey Company, Inc. and Pinto Construction Services, Inc. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the cross motion is granted in part with respect to the cross claims for contractual defense and indemnification against defendants-respondents.
Memorandum: In this action to recover for personal injuries sustained by plaintiff in an accident at a work site, defendants-appellants (movants) appeal from an order insofar as it denied, as premature, that part of their cross motion seeking summary judgment on their cross claims for contractual defense and indemnification against defendants-respondents (nonmovants). We reverse the order insofar as appealed from.
We agree with the movants that Supreme Court erred in denying as premature their cross motion with respect to the relevant cross claims. The nonmovants failed "to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the [cross] motion were exclusively within the knowledge and control of the movant[s] . . . , and the [m]ere hope that somehow the [nonmovants] will uncover evidence that will [help their] case is insufficient for denial of the [summary judgment] motion" as premature (Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017] [internal quotation marks omitted]). We further agree with the movants that they established their entitlement to judgment as a matter of law on their cross claims for contractual defense and indemnification and that the nonmovants failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
All concur except Whalen, P.J., and Peradotto, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent. In our view, Supreme Court properly denied that part of the cross motion of defendants-appellants (movants) seeking summary [*2]judgment on their cross claims for contractual defense and indemnification against defendants-respondents. Movants' own submissions, which included plaintiff's testimony, raise a triable issue of fact whether movants were free from negligence (see State of New York v Santaro Indus., Inc., 48 AD3d 1101, 1102-1103 [4th Dept 2008]) and, moreover, plaintiff has not had the opportunity to depose representatives of movants regarding whether movants were negligent and whether any liability on their part was vicarious only (see CPLR 3212 [f]; Syracuse Univ. v Games 2002, LLC, 71 AD3d 1531, 1531-1532 [4th Dept 2010]). We would therefore affirm.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court