| |
|---|
| **KH v Archdiocese of N.Y.** |
| 2026 NY Slip Op 30917(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 950152/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. SABRINA KRAUS** | **PART** | **CVA – 1** |
| | *Justice* | | |

----------------------------------------------------------------------------X

K H,

                                       Plaintiff,

                                - v -

ARCHDIOCESE OF NEW YORK, ARCHBISHOP
STEPINAC HIGH SCHOOL, ST. MATTHEW CHURCH, ST.
MATTHEW SCHOOL,

                                     Defendants.

----------------------------------------------------------------------------X

ARCHDIOCESE OF NEW YORK

                                       Plaintiff,

                                -against-

RIVERSIDE HAWKS, HOPE, HEALTH, AND HOOPS
CORPORATION, RIVERSIDE CHURCH

                                     Defendants.

----------------------------------------------------------------------------X

**INDEX NO.** 950152/2019

**MOTION DATE** 12/05/2025, 12/05/2025

**MOTION SEQ. NO.** 003 004

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595246/2024

The following e-filed documents, listed by NYSCEF document number (Motion 003) 2, 21, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 102, 104, 105, 106, 107, 108, 109, 110, 111, 120, 121

were read on this motion to/for                  JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 2, 19, 97, 98, 99, 100, 101, 103, 112, 113, 114, 115, 116, 117, 118, 119, 122, 123

were read on this motion to/for                  JUDGMENT - SUMMARY          .

## BACKGROUND

Plaintiff commenced this action pursuant to the Child Victims Act ("CVA") seeking

damages for child sexual abuse allegedly perpetrated by Eugene Maher ("Maher") while Plaintiff

1 of 10

was a player in the Catholic Youth Organization ("CYO") basketball program at St. Matthew Church and St. Matthew School (the "St. Matthew Defendants").[1]

## FACTS

St. Matthew Church and St. Matthew School are a parish and school located within the ecclesiastical territory of the Archdiocese of New York (the "Archdiocese"). The St. Matthew Defendants hosted the CYO basketball program which Maher coached from 1981 to 1983.

The following allegations derive from Plaintiff's testimony.

Plaintiff was a player on the CYO team in the years 1981 through 1983 when he was in fifth grade through seventh grade. Maher would stay with Plaintiff after practice until Plaintiff's parents came to pick him up.

Maher first sexually abused Plaintiff when he was in the fifth grade. After practice had ended one day, other players left the gym, and Plaintiff was alone with Maher. While Plaintiff was seated on a stage in the gymnasium, Maher had him take off his sneakers and his socks. Maher then began to tickle Plaintiff's feet and breathe heavily. After Maher stopped tickling Plaintiff's feet, he led Plaintiff into the gym's storage closet and directed Plaintiff to change out of his basketball uniform. When Plaintiff was in his underwear, Maher grabbed Plaintiff's penis and began to masturbate him. Maher also made Plaintiff touch his own penis.

The following basketball practice, Maher and Plaintiff were similarly left alone after practice ended. Maher tickled Plaintiff's feet while he sat on the stage and subsequently led Plaintiff into the storage closet to masturbate Plaintiff. Maher then escalated the abuse by performing oral sex on Plaintiff.

---

[1] Plaintiff also alleges that he was abused by Michael O'Hara, a teacher and basketball coach at St. Matthew, and Father Donald Malone, the Principal of Archbishop Stepinac High School (NYSCEF Doc No. 2, at 3, 5). Neither the Archdiocese nor the St. Matthew Defendants move for summary judgment as to those allegations of abuse.

**950152/2019   H, K vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  003 004**
Page 2 of 10

2 of 10

During another incident in the gym closet, Maher masturbated Plaintiff and had Plaintiff perform oral sex on him. Maher further escalated the abuse by anally penetrating Plaintiff with a pen and then his penis.

Maher perpetrated similar instances of abuse against Plaintiff in the St. Matthew gym at least fifteen times in Plaintiff's fifth-grade year and several more times in his sixth-grade year.

Plaintiff also alleged that Maher abused him in a classroom after basketball practices that took place at a different high school called Hastings High School and also in a jacuzzi within the locker room of a racquetball club called Court Sports to which Maher occasionally brought Plaintiff.

Plaintiff believed that Maher would deliberately end practices early so Maher could be left alone with Plaintiff to abuse him before Plaintiff's parents picked him up.

Plaintiff acknowledged that he never told anyone at St. Matthew Church or School about his abuse by Maher's nor did he tell his family.

## PENDING MOTIONS

On January 26, 2025, the St. Matthew Defendants moved for summary judgment dismissing Plaintiff's claims related to the alleged abuse by Eugene Maher (NYSCEF Doc No. 86 [mot. seq. 003]).

On January 26, 2025, the Archdiocese of New York ("Archdiocese") moved for summary judgment dismissing Plaintiff's claims as against the Archdiocese related to the abuse by Eugene Maher (NYSCEF Doc No. 97 [mot. seq. 004]).

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404

[1957]). To prevail on summary judgment, the movant must establish *prima facie* entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]). A defendant's initial burden on summary judgment cannot be satisfied by "merely point[ing] to perceived gaps" in the plaintiff's proof "rather than submitting evidence showing why" the plaintiff's claim fail (*Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019] [alteration in original]).

When a movant meets this burden, summary judgment will be denied only when the nonmovant provides evidence in admissible form demonstrating the existence of triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, "[m]ere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016] [alteration in original]). Courts view the evidence in a light most favorable to the nonmovant and accord the nonmovant with "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### *The Archdiocese Fails to Establish a Prima Facie Case that It Lacked Notice of the Subject Abuse*

The Archdiocese argues that Plaintiff's claims must fail because it owed Plaintiff no duty to protect Plaintiff from Maher's abuse.

Plaintiff's negligence claim is based in a theory of negligent hiring, retention and supervision which provides that an employer is liable to a third party for the tortious conduct of an employee when (1) the employer knew of its employee's harmful propensities, (2) the employer failed to take necessary action and (3) this failure caused harm to others (*Waterbury v New York City Ballet, Inc.*, 205 AD3d 154, 160 [1st Dept 2022], citing *Gonzalez v City of New*

950152/2019   H, K vs. ARCHDIOCESE OF NEW YORK                           Page 4 of 10
Motion No.  003 004

4 of 10

*York*, 133 AD3d 65, 67–68 [1st Dept 2015]). Contrary to the Archdiocese's assertion, liability for the negligent hiring, retention and supervision of an employee "does not require a special relationship between the defendant and the alleged victim" (*id.* at 161). Unlike *respondeat superior*, a claim for the negligent hiring, retention and supervision of an employee does not require that the plaintiff be harmed by an employee while carrying out a task under the scope of their employment (*see Doe v Grant Wilfley Casting, Inc.*, 2026 NY Slip Op 01037[U], at *1 [2d Dept 2026]).

Further, the Archdiocese's argument that it cannot be liable under the theory of negligent hiring, retention and supervision because Maher was a lay volunteer rather than an employe is without merit as liability also arises when a defendant enters into an "employer/employee-like" relationship with a person or entity with whom the defendant functions akin to that of an employer (*see Schlesinger v Sisters of the Order of St. Dominic*, 236 AD3d 1074, 1076 [2d Dept 2025]; *see also Brophy v Big Bros. Big Sisters of Am., Inc.*, 224 AD3d 866, 868 [2d Dept 2024] [*denying defendant-employer's motion to dismiss when complaint alleged that the abuser was a volunteer of the defendant*]).

Finally, the Archdiocese's argument that it owed Plaintiff no duty because it did not control the St. Matthew Defendants is wholly unsupported. The Archdiocese cites to neither testimonial nor documentary evidence that is lacked ownership or control over the St. Matthew Defendants (NYSCEF Doc No. 101, at 6–7).

Even assuming *arguendo* that the Archdiocese did establish a *prima facie* case that it lacked an agency relationship with the St. Matthews Defendants, Plaintiff raises issues of fact in opposition that would necessitate a trial. Plaintiff cites testimony of the Archdiocese's witness Bishop Gerald Walsh in which he stated that the Archdiocese now has a liaison who is

950152/2019  H, K vs. ARCHDIOCESE OF NEW YORK
Motion No.  003 004

Page 5 of 10

responsible for handling reports of sexual abuse that occur at parishes within the Archdiocese's geographical territory (NYSCEF Doc No. 116, Ex. 4, at 50). This testimony raises an issue of fact as to whether the St. Matthew Defendants were under the direction or control of the Archdiocese as subsequent remedial measures are admissible to prove that a defendant exercised ownership or control over a particular entity (*see Hyman v Aurora Contrs., Inc.*, 294 AD2d 229, 229 [1st Dept 2002]). Plaintiff also cites the 1974 Official Directory of the Archdiocese which lists the CYO sports camp that Plaintiff attended among other programs that may have been organized or sponsored by the Archdiocese (NYSCEF Doc No. 117, Ex. 5, at 7).

The Archdiocese has also not made out a *prima facie* case for dismissal of Plaintiff's negligence claim as it is based under the theory of *in loco parentis*. A defendant standing *in loco parentis* of a child owes a duty to supervise and protect the child from foreseeable harm as would a parent of ordinary prudence while the child is in their custody and control (*John Doe 42 v Yeshiva Univ.*, 245 AD3d 545, 546–47 [1st Dept 2026]). While the ordinarily prudent parent standard most commonly applies to schools, various Departments in this State have held that the standard also applies to noneducational entities and persons who assume physical custody of children (*e.g. Wynn v Little Flower Children's Servs.*, 106 AD3d 64, 69 [1st Dept 2013] [*childcare provider*]; *Gonzales v Munchkinland Child Care, LLC*, 89 AD3d 987, 987 [2d Dept 2011] [*daycare center*]; *Mary Ann "ZZ" v Blasen*, 284 AD2d 773, 775 [3d Dept 2001] [*adult neighbor assuming a supervisory duty of plaintiff's daughter*]). Given that questions of fact exist concerning the Archdiocese's control of the St. Matthew Defendants, the Archdiocese may have stood *in loco parentis* of Plaintiff when he was a participant in the CYO basketball program.

Finally, although the ordinarily prudent parent standard usually applies to a duty to protect and supervise a child when a defendant stands *in loco parentis*, the standard may also

950152/2019  H, K vs. ARCHDIOCESE OF NEW YORK                                          Page 6 of 10
Motion No.  003 004

6 of 10

apply to a negligent hiring, retention and supervision claim as against the same defendant (*see Doe v Jagiello*, 242 AD3d 1549, 1551 [4th Dept 2025] ["[T]he concept [of *in loco parentis*] may be applicable to plaintiff's claims for negligent retention and supervision"]).

The Archdiocese next argues that it is entitled to summary judgment because it was not on actual or constructive notice of Maher's abusive propensities or conduct.

A defendant possesses culpable knowledge under the theory of negligent hiring, retention and supervision when the defendant is on actual or constructive notice of an employee's tortious propensities or conduct (*Nellenback v Madison County*, 44 NY3d 329, 334–35 [2025]). Constructive notice arises when the defendant "has *reason* to know of the facts or events evidencing that propensity" (*id.* at 335 [emphasis in original]).

The Archdiocese argues that Plaintiff's claim must fail because *Plaintiff* cannot meet his burden of proof as to establishing that the Archdiocese was on notice of Maher's abusive propensities or conduct (*see* NYSCEF Doc No. 101, at 8). The Archdiocese flips the standard for summary judgment on its head. A defendant moving for summary judgment must cite evidence affirmatively establishing why plaintiff's claims fail rather than merely pointing to gaps in the plaintiff's proof (*see Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019]). In the context of a claim for negligent hiring, retention and supervision, the defendant must affirmatively establish that the defendant had no "opportunity or reason to know" about the abuse (*see Nellenback v Madison County*, 44 NY3d 329, 336 [2025]).

In support of its argument for lack of notice, the Archdiocese obliquely states that "the documentary evidence directly refutes the allegations that the Archdiocese received any reports of inappropriate conduct by Maher" without actually citing to such documentary evidence (*see*

NYSCEF Doc No. 101, at 10). The Archdiocese to date has only provided the Court with the deposition transcripts of Plaintiff's testimony and Plaintiff's bills of particulars.

Moreover, the papers the Archdiocese did submit to the Court contain evidence tending to show that the Archdiocese could have been on actual or constructive notice of Maher's abusive propensities or conduct. Plaintiff testified that Maher abused him after basketball practice within the closet of the St. Matthews gym at least twenty times (NYSCEF Doc No. 100, Ex. G, at 136). Both the First and Second Departments have held that allegations of repeated child sexual abuse in the same area of a defendant's property over an extended time period may itself be evidence of constructive notice (*see e.g. MCVAWCD-DOE v Columbus Ave. Elementary Sch.*, 225 AD3d 845, 847–48 [2d Dept 2024]; *Sayegh v City of Yonkers*, 228 AD3d 690, 692 [2d Dept 2024]; *see also S.A.W. v Archdiocese of New York*, 2026 NY Slip Op 00603[U], at *1 [1st Dept, Feb. 5, 2026]). Plaintiff also testified that Maher tickled him in the presence of others (NYSCEF Doc No. 100, Ex. G, at 120) and that he once witnessed Maher hold back another student after practice in the same manner that Maher did to him before an instance of abuse (*id.* at 131–32). This testimony tends to show that the Archdiocese could have been on notice of Maher's abusive propensities and conduct.

Accordingly, the Court denies the Archdiocese's motion as the Archdiocese fails to establish a *prima facie* case that it had no opportunity or reason to know about Maher's abuse.

### *The St. Matthew Defendants Fail to Establish a Prima Facie Case that They Lacked Notice of the Subject Abuse*

The St. Matthew Defendants argue that the Court of Appeals' holding in *Nellenback v Madison County* requires dismissal of Plaintiff's negligence claim. However, *Nellenback* was a fact-specific decision holding that the defendant did not have any opportunity or reason to know about the plaintiff's abuse when, unlike here, the plaintiff was abused off the defendant's

**950152/2019   H, K vs. ARCHDIOCESE OF NEW YORK**                                    **Page 8 of 10**
**Motion No.  003 004**

premises and the plaintiff's file as a foster child was discarded pursuant to a routine process destroying foster children's records ten years after they reach their eighteenth birthday (*Nellenback v Madison County*, 44 NY3d 329, 331–32, 335 [2025]). *Nellenback* did clarify that a CVA defendant should be held to the standard of care "that was reasonable at the time" for the hiring, retention or supervision an employee and the First Department has cited *Nellenback* for this proposition (*id.* at 337; *C.R. v Episcopal Diocese of New York*, 243 NYS3d 348, 355 [1st Dept 2025]).

The arguments of the St. Matthew Defendants' otherwise mirror those of the Archdiocese on the issue of notice and the Court denies their motion based on the foregoing.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion of the St. Matthew Defendants (mot. seq. 003) is denied in its entirety; and it is further

ORDERED that the motion of the Archdiocese of New York (mot. seq. 004) is denied in its entirety; and it is further

ORDERED that all other requests for relief are denied; and it is further

ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

950152/2019   H, K vs. ARCHDIOCESE OF NEW YORK
Motion No.  003 004
Page 9 of 10

9 of 10

ORDERED that the action is reassigned to Justice Tisch for trial; and

ORDERED that the parties are directed to reach out to Justice Tisch's Part Clerk and request a date for a pre-trial conference.

This constitutes the decision and order of this Court.

20260312172643SBKRAUSA7D08F44067F4CC99A04ABF298F16DE9

| **3/12/2026** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **SABRINA KRAUS, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**950152/2019  H, K vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  003 004**

[* 10]