■ CHARLES L. ROBERTS et al., Respondents, v MACFARLAND CONSTRUCTION COMPANIES, Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered June 2, 1983 in Albany County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint. ¶ The issue presented in this case is whether, in a negligence action to recover damages for personal injuries sustained in a fall on water accumulated on a warehouse floor due to the alleged negligence of the builder, it is necessary to allege in the complaint and to prove the existence of a latent defect or concealed danger in order to hold the builder liable. We conclude, as did Special Term, that it is no longer necessary to do so. An affirmance is, therefore, required. ¶ This action was commenced against defendant, the builder of the warehouse where plaintiff Charles L. Roberts (plaintiff) worked, for damages due to personal injuries allegedly sustained by plaintiff when he slipped and fell on the floor of the warehouse. In their complaint alleging two causes of action, plaintiff and his wife first charge that the fall was the result of an accumulation of water on the floor of the warehouse due to defendant's negligence in designing, constructing and repairing the warehouse. The second cause of action was a derivative action for losses sustained by plaintiff's wife. The derivative action was dismissed on the ground that plaintiff and his wife were not married at the time of the fall. A third-party action was brought by defendant against plaintiff's employer, Ford Motor Company. ¶ After a bill of particulars was served and plaintiff testified at an examination before trial, defendant moved for summary judgment on the ground that the complaint failed to allege or to prove any latent defect or concealed danger. Special Term found it was unnecessary to do so and denied the motion. Defendant then took this appeal. ¶ Defendant's contention that *Inman v Binghamton Housing Auth.* (3 NY2d 137) requires that a plaintiff allege and prove the existence of a latent or concealed danger in order to hold a builder or designer liable is rejected. In the more recent case of *Micallef v Miehle Co.* (39 NY2d 376), the Court of Appeals held that it was no longer necessary to so allege and prove. The court in *Micallef,* in specifically addressing the negligence cause of action pleaded therein, overruled its previous holding in *Campo v Scofield* (301 NY 468) and held that the failure by a plaintiff to prove the existence of a latent defect before there could be a recovery against a manufacturer would no longer, in and of itself, prevent a plaintiff from establishing his case, but was merely a factor to be considered (*Micallef v Miehle Co., supra,* p 387; see, also, *Cubito v Kreisberg,* 69 AD2d 738, affd 51 NY2d 900; *Meyer v Droms,* 68 AD2d 942, mot for lv to app den 47 NY2d 709). ¶ Defendant's argument that the complaint should be dismissed because it failed to specify that the defect was a latent defect is without merit (see *Bolm v Triumph Corp.,* 33 NY2d 151). Such a failure is no longer considered to be fatal and does not mandate dismissal of the complaint (*supra,* at p 160). ¶ Defendant's further contention that the doctrine of *Micallef* (*supra*) applies only to strict products liability actions and not to negligence actions for personal injuries is also rejected. ¶ Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.