■ MARLENE COLONNO et al., Respondents, v EXECUTIVE I ASSOCIATES et al., Defendants, and LYNMARK CONSTRUCTION AND MANAGEMENT COMPANY, INC., Appellant. [644 NYS2d 105] —Peters, J.

In this personal injury action, plaintiff Marlene Colonno (hereinafter plaintiff), working as a sales representative with F. M. Howell and Company (hereinafter Howell), contends that on January 5, 1989 while in her office, she was injured when the heel of her shoe went through the carpet, lodged in a crack

---

in the underlying concrete floor, and propelled her forward, causing her to lose her balance. In an attempt to prevent the fall, plaintiff grabbed hold of the desks on each side of her and felt an immediate pain across her back.

Since the accident, plaintiff has consulted with numerous physicians who performed MRIs, all of which indicate that she suffers from a herniated disk. She has unsuccessfully treated such injury with physical therapy and although advised to undergo back surgery, has not yet pursued it.

After the injury, plaintiff did not complete another full day of work at Howell and was eventually terminated. Testimony revealed that she was physically unable to resume any work until May 1994 when she took a position as a sales representative with Sentag Corporation, a denture manufacturer. She was terminated from that position in November 1994 after her recuperation from an October 1994 auto accident. She contends that she continues to suffer the effects of the back injury.

In June 1991, plaintiff and her husband, derivatively, commenced this action against numerous defendants including Executive I Associates, a partnership, Lynmark Construction and Management Company, Inc., the general contractor for the construction of the Howell office space, and PRV Concrete, Inc., the subcontractor hired by Lynmark to pour the concrete floor.*

After trial, the jury found that Lynmark was 70% liable and PRV 30% liable for plaintiff's injuries, and awarded plaintiff $125,000 for lost wages, $25,000 for pain and suffering, and $50,000 for future pain and suffering, with no award on the derivative claim. After the denial of various posttrial motions, Lynmark appeals.

Lynmark contends that it cannot be held liable for plaintiff's injuries since it never received either actual or constructive notice of the defective condition of the concrete floor. We disagree. With the cause of action premised not upon inadequate maintenance but, rather, negligence in the initial construction of the floor, the principle emanating from strict products liability law (see, Inman v Binghamton Hous. Auth., 3 NY2d 137, 144-145) now holds contractors to a "general standard of reasonable care for the protection of third persons who may be foreseeably endangered by the contractor's negligence even after acceptance of the work" (2B Warren's New York Negligence, Parties Negligent, Part 1, § 34.07 [2], at 136). Accord-

---

* A default judgment was entered against PRV prior to trial. PRV never appeared in this action and does not take part in this appeal.

ingly, there was no need to establish Lynmark's actual or constructive notice of the defect in order for the jury to impose liability upon it as the general contractor (*see, Inman v Binghamton Hous. Auth., supra,* at 144-145; *Roberts v MacFarland Constr. Cos.,* 102 AD2d 981).

We further find the jury's verdict of negligence to be supported by legally sufficient evidence. Noting that a verdict may be successfully challenged on this basis if "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499), we find ample evidence from which the jury could have concluded that the crack in the concrete floor was the proximate cause of plaintiff's injury. Aside from plaintiff's own testimony with respect to the way in which she was injured, as well as the extent of the pain suffered, Otakar Hubschmann, a neurosurgeon who examined plaintiff in September of 1993, testified that after he reviewed all past and current MRIs, his examination confirmed that plaintiff had a large herniated disk at L4/L5 that was caused by the subject accident.

Similarly unavailing is Lynmark's contention that Supreme Court improperly precluded the admission of a letter from plaintiff's counsel to Hubschmann based upon its conclusion that it fell outside the business record exception to the hearsay rule (*see,* CPLR 4518 [a]). "Such papers simply are not made in the regular course of business of the recipient, who is in no position to provide the necessary foundation testimony as to the regularity and timeliness of their preparation or the source of information" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4518:1, at 105). Even if the recipient regularly files the papers, a business paper receipt from another business entity falls outside the scope of CPLR 4518 (a) (*see, Standard Textile Co. v National Equip. Rental,* 80 AD2d 911).

As to Lynmark's contention that the jury's award of $125,000 for lost wages was against the weight of the evidence, again we disagree. Whether a particular factual determination is against the weight of the evidence is a factual question (*see, Cohen v Hallmark Cards, supra,* at 498). The verdict for the nonmoving party may not be disregarded unless " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets,* 86 NY2d 744, 746, quoting *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875).

While Lynmark maintained that plaintiff's termination from Howell was due to her poor performance and not her back injury, we note that her personnel records supporting such contention were filled out by her supervisor who testified, upon cross-examination, that had plaintiff been physically capable of doing her job and had she improved in certain areas of performance, she would not have been terminated. Hence, in light of this testimony and that of plaintiff, who insisted that her termination was due to her medical problems, it cannot be said that the jury's award cannot be supported by any fair interpretation of the evidence. We find defendant's contention that the amount of the award was excessive similarly without merit.

For all of the foregoing reasons, we affirm Supreme Court's judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.