■ MICHAEL BRICKEL et al., Plaintiffs, v BUFFALO MUNICIPAL HOUSING AUTHORITY et al., Defendants and Third-Party Plaintiffs-Respondents. PREMIER DRYWALL, INC., Third-Party Defendant-Appellant. [720 NYS2d 671] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Third-party defendant, Premier Drywall, Inc. (Premier), appeals from those parts of an order that granted the cross motions of defendants-third-party plaintiffs, Buffalo Municipal Housing Authority (BMHA) and Ferraina Construction, Inc. (Ferraina), for summary judgment on their third-party claims against Premier seeking contractual and common-law indemnification. Supreme Court erred in granting those parts of the cross motions of BMHA and Ferraina for summary judgment on their third-party claims for contractual indemnification against Premier. The indemnification provision of the subcontract between Premier and Ferraina, which inured to the benefit of BMHA, is triggered only in the event of a finding of negligence on the part of Premier, its agents, employees or subcontractors. "There is no basis in the record to find such negligence as a matter of law" (*Colyer v K Mart Corp.*, 273 AD2d 809, 810; *see, Malecki v Wal-Mart Stores*, 222 AD2d 1010, 1011; *Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 939).

The court further erred in granting that part of the cross motion of Ferraina for summary judgment on its third-party claim for common-law indemnification. "The right of common-law indemnification belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their part" (*Colyer v K Mart Corp., supra,* at 810; *see, Kemp v Lakelands Precast*, 55 NY2d 1032, 1034). Ferraina failed to establish as a matter of law that it did not supervise, direct or control the work of Michael Brickel (plaintiff) (*see, Stevenson v Alfredo*, 277 AD2d 218; *Frank v Meadowlakes Dev. Corp.*, 256 AD2d 1141, 1143; *Brutcher v Dallas Homes*, 237 AD2d 876).

The court properly granted, however, that part of the cross motion of BMHA for summary judgment on its third-party claim for common-law indemnification. BMHA established that it was not present at the worksite and did not supervise, direct

or control plaintiff's work. Ferraina failed to raise an issue of fact whether BMHA's liability was other than vicarious (*see, Colyer v K Mart Corp., supra,* at 810; *Gillmore v Duke/Fluor Daniel, supra,* at 939-940; *Stimson v Lapp Insulator Co.,* 186 AD2d 1052, 1053).

Premier further contends that the order is internally inconsistent because the court's award of summary judgment to BMHA against Ferraina requires an implicit finding that Ferraina was negligent. That contention lacks merit. Pursuant to the contract between BMHA and Ferraina, Ferraina was fully responsible for acts or omissions of its subcontractors and its own employees.

We modify the order, therefore, by denying Ferraina's cross motion in its entirety and by denying that part of BMHA's cross motion seeking contractual indemnification. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.