■ ANN ROBERTSON et al., Respondents, v AMHERST PAVING, INC., Appellant. [755 NYS2d 350] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered May 30, 2002, which denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Ann Robertson (plaintiff) when she fell in her employer's parking lot in February 1996. It is undisputed that defendant paved the parking lot in May 1995 and applied a sealer to the parking lot in July 1995. Plaintiffs allege that defendant negligently resurfaced the parking lot, creating a slippery surface. Plaintiffs allege that the surface of the parking lot was clear of snow and ice when plaintiff fell and that plaintiff slipped and fell because of the dangerous condition created by defendant. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. "With the cause of action premised not upon inadequate maintenance but, rather, negligence in the [sealing] of the [parking lot], the principle emanating from strict products liability law * * * now holds contractors to a 'general standard of reasonable care for the protection of third persons who may be foreseeably endangered by the contractor's negligence even after acceptance of the work'" (*Colonno v Executive I Assoc.*, 228 AD2d 859, 860). Although defendant submitted evidence that there may have been a patch of ice near the vicinity of plaintiff's fall, defendant failed to submit the requisite proof that it neither created nor

caused the allegedly dangerous condition (*see Sulinski v Ardco, Inc.*, 298 AD2d 992; *see also Gmeinder v Benderson Dev. Co.*, 258 AD2d 945). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.