■ NORTHLAND ASSOCIATES, INC., Appellant, v JOSEPH BALDWIN CONSTRUCTION CO., INC., Defendant, and PHOENIX INSURANCE COMPANY, Incorrectly Designated as TRAVELERS INSURANCE COMPANY, Respondent. (Appeal No. 1.) [775 NYS2d 703]— Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered February 14, 2003. The order granted the motion of defendant Phoenix Insurance Company, incorrectly designated as Travelers Insurance Company, for summary judgment dismissing the complaint against it and denied the cross motion of plaintiff for summary judgment on its claims for contractual and common-law indemnification.

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered August 18, 2003. The order dismissed plaintiff's claim for contractual indemnification against defendant Joseph Baldwin Construction Co., Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the contractual indemnification claim against defendant Joseph Baldwin Construction Co., Inc. is reinstated.

Memorandum: Plaintiff, Northland Associates, Inc. (North-

land), was the general contractor on a construction site owned by the State of New York (State) and contracted with defendant Joseph Baldwin Construction Co., Inc. (Baldwin) to perform masonry work on the site. Richard Duncan, an employee of Baldwin, was allegedly injured when he fell from a scaffold while performing masonry work for Baldwin and commenced an action against the State in the Court of Claims. Northland assumed the defense of the State in that action pursuant to its contract with the State. Relying on its subcontract with Baldwin, Northland thereafter sought defense and indemnification of the State from Baldwin and its insurer, defendant Phoenix Insurance Company (Phoenix), incorrectly designated as Travelers Insurance Company. Pursuant to the subcontract, Baldwin was required to defend, indemnify and hold harmless the State and Northland "from and against all claims, damages, losses and expenses . . . arising out of or resulting from the performance of [Baldwin's] work," provided that the claims, damages, losses and expenses were attributable to, inter alia, bodily injury that was "caused in whole or in part by any negligent act or omission of [Baldwin], anyone directly or indirectly employed by [Baldwin] or anyone for whom [Baldwin] may be liable."

When Baldwin and Phoenix refused to defend or indemnify the State, Northland commenced this action seeking to recover the attorneys' fees incurred in defending the State in the Court of Claims and indemnification for any amount awarded Duncan should he recover a judgment against the State. The sole contention concerning contractual indemnification set forth in the complaint is that Baldwin and Phoenix were responsible for the defense and indemnification of the State based on the subcontract between Northland and Baldwin. Northland did not seek recovery as an additional insured under the insurance policy issued by Phoenix to Baldwin.

Phoenix moved for summary judgment seeking dismissal of the complaint against it; Northland cross-moved for summary judgment, seeking a conditional judgment on its claims for contractual and common-law indemnification; and Baldwin cross-moved for summary judgment seeking dismissal of Northland's claim for common-law indemnification against it. Supreme Court, inter alia, granted Phoenix's motion in its entirety (appeal No. 1) and sua sponte granted Baldwin summary judgment dismissing Northland's claim for contractual indemnification (appeal No. 2). The court in a separate order from which no appeal was taken also granted the cross motion of Baldwin for summary judgment dismissing the claim for common-law

indemnification against it. On appeal, Northland challenges only the dismissal of the contractual indemnification claims.

We conclude that the court properly dismissed the contractual indemnification claim against Phoenix. The only basis for such indemnification was the indemnification provision of the subcontract between Northland and Baldwin, to which Phoenix was not a party, and Northland cannot enforce the subcontract against Phoenix at this stage of the litigation. Only if a judgment is obtained against Baldwin and remains unsatisfied for more than 30 days may Northland recover against Phoenix (*see* Insurance Law § 3420 [a] [2]; [b] [2]; *University Garden Apts. v Nationwide Mut. Ins. Co.*, 284 AD2d 975, 976 [2001]; *Abdalla v Yehia*, 246 AD2d 373, 374 [1998]).

We further conclude, however, that the court erred in sua sponte dismissing the contractual indemnification claim against Baldwin. Baldwin's obligation to defend and indemnify the State and Northland would be triggered only upon a determination that Baldwin was negligent. Such a determination has not yet been made and, indeed, may not be made in the Court of Claims inasmuch as Baldwin is not a party to that action and a determination of Baldwin's negligence is not necessary to the resolution of that action. Thus, "even a conditional judgment [is] . . . premature" (*State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]; *cf. Brickel v Buffalo Mun. Hous. Auth.*, 280 AD2d 985 [2001]). We therefore reverse the order in appeal No. 2 and reinstate the contractual indemnification claim against Baldwin. Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.