■ BAILLIE LUMBER CO., L.P., Respondent, v A.L. BURKE, INC., Respondent-Appellant, and ROBERTSON-CECO CORPORATION et al., Appellants-Respondents. A.L. BURKE, INC., Third-Party Plaintiff-Appellant-Respondent, v MUCHER ERECTORS, INC., Third-Party Defendant-Respondent-Appellant. [842 NYS2d 818]—

Appeal and cross appeals from an amended order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered April 7, 2006 in a breach of contract action. The amended order, among other things, denied the motion of defendants Robertson-CECO Corporation and Star Building Systems, individually and/or as a Division of Robertson-CECO Corporation, for summary judgment.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendants Robertson-CECO Corporation (Robertson-CECO) and Star Building Systems, individually and/or as a Division of Robertson-CECO Corporation (Star), for summary judgment dismissing the breach of express warranty cause of action and the cross claim against them. Robertson-CECO and Star contend that they are not liable under the express warranty because it applies only to the metal roof panels, and plaintiff has not alleged that any damages arose from those panels or the materials used to manufacture them. We reject that contention. As the court properly concluded, it cannot be discerned from the record what caused the roof to leak, and thus there is an issue of fact whether the structural failure of the roof panels was a proximate cause of plaintiff's damages or whether plaintiff's damages resulted from a part of the building not covered by the express warranty (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court also properly denied those parts of the motion of defendant and third-party plaintiff, A.L. Burke, Inc. (Burke), for a conditional order of common-law and contractual indemnification against Robertson-CECO and Star and/or against third-party defendant, Mucher Erectors, Inc. (Mucher). In addition, the court properly granted that part of Mucher's cross motion for summary judgment seeking dismissal of Burke's contractual indemnification claim. There is an issue of fact whether Burke was negligent, thus rendering Burke's motion premature with respect to common-law indemnification against Robertson-CECO, Star and Mucher (*see Scally v Regional Indus. Partnership*, 9 AD3d 865, 868 [2004]), and with respect to contractual indemnification against Robertson-CECO and Star (*see State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]; *see also Northland Assoc. v Joseph Baldwin Constr. Co.* [appeal No. 2], 6 AD3d 1214, 1216 [2004]). With respect to contractual indemnification against Mucher, however, the unrefuted evidence establishes that Mucher erected the building using Star's instruction manual and did nothing to cause the roof to leak. Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ. [*See* 11 Misc 3d 1082(A), 2006 NY Slip Op 50654(U).]