■ CHRISTIAN ALTAMIRANO, Respondent, v DOOR AUTOMATION CORP., Appellant. [851 NYS2d 508]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 20, 2007, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant failed to make a prima facie showing of entitlement to judgment as a matter of law because there are factual issues as to whether defendant's repair of the door created an unreasonable risk of harm to others. Although plaintiff is a noncontracting third party, defendant "enlarge[d] . . . the zone of duty" when it "launched a force or instrument of harm" by undertaking the repair of the door, thus owing plaintiff a duty of care (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139 [2002], quoting Chief Judge Cardozo in *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see also Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]).

Contrary to defendant's argument, plaintiff's expert's affidavit was not conclusory or speculative, but was grounded in facts personally known to him as well as the documents in evidence (*Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *Wagman v Bradshaw*, 292 AD2d 84, 86-87 [2002]). Mr. Seluga's review of a

maintenance manual for *an* electric power door four-fold operator, not the maintenance manual for *the* subject door, goes to the weight, not the admissibility, of the evidence. Moreover, defendant presented no evidence to rebut the facts or issues raised in the affidavit that its repair of the door created a condition so dangerous as to bring plaintiff's claim within the exception to the rule normally precluding contractual third-party tort liability (*cf. Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]).

The issue whether Lincoln Center's employees' purported negligence was a proximate cause of plaintiff's injury is for a jury to determine (*Vaswani v Martin*, 278 AD2d 96 [2000]). Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.