ESTHER L. MILLER et al., Respondents, v THE PIKE COMPANY, INC., Appellant, and DANIEL BOOTH, Individually and Doing Business as "D & R PAVING," et al., Respondents, et al., Defendants. [860 NYS2d 774]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered September 26, 2007 in a personal injury action. The order denied the motion of defendant The Pike Company, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Esther L. Miller (plaintiff) when she fell in the parking lot of a Wal-Mart Super Center. Prior to plaintiff's fall, defendant The Pike Company, Inc. (Pike) was hired to address repairs needed in the parking lot, and Pike in turn hired defendant Daniel Booth, individually and doing business as "D & R Paving" (D & R), to perform the repairs. Contrary to the contention of Pike, Supreme Court properly denied that part of its motion for summary judgment dismissing the amended complaint and all cross claims against it because there are triable issues of fact whether Pike created or exacerbated the allegedly dangerous condition that caused plaintiff to fall (see generally Church v Callanan Indus., 99 NY2d 104, 111 [2002]; Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [2002]; Robertson v Amherst Paving, 302 AD2d 913 [2003]), and whether Pike "exercised supervisory control" over D & R (Laecca v New York Univ., 7 AD3d 415, 416 [2004], lv denied 3 NY3d 608 [2004]; see Wasserman v City of New York, 267 AD2d 151 [1999]). Also contrary to the contention of Pike, the court properly denied that part of its motion seeking summary judg-

ment on its cross claim for contractual indemnification against D & R. Because there are triable issues of fact concerning Pike's negligence (*see e.g. Baillie Lbr. Co., L.P. v A.L. Burke, Inc.*, 43 AD3d 1290, 1291 [2007]; *Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235, 1237 [2005]), we are unable to determine at this stage of the litigation whether the indemnity provision in the contract between Pike and D & R violates General Obligations Law § 5-322.1 (*see generally Mannino v J.A. Jones Constr. Group, LLC*, 16 AD3d 235, 236-237 [2005]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919 [2000]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.