PAULETTE TRENCA, Appellant, v ROBERT CULETON et al., Respondents. [872 NYS2d 607]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 19, 2007 in a

personal injury action. The order granted defendants' motions and cross motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motions and cross motion are denied, and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell into a trench on neighboring property. Defendant Robert Culeton contracted with defendant Furdi's, doing business as Patrick Furlong Sr., Inc. (Furdi's), for the construction by Furdi's of a modular home on a vacant lot owned by Culeton. Furdi's in turn hired defendant WD Malone Trucking and Excavating, Inc. (Malone) to excavate and backfill the foundation. At the time of plaintiff's accident, the foundation walls had been erected but the excavation had not been backfilled, thus leaving a trench around the foundation. Plaintiff walked her dog to her backyard on the night of the accident and passed by the excavation. According to the testimony of plaintiff at her deposition, she recalled walking back along the side of her house, and she next recalled waking up several hours later, at the bottom of the trench.

We agree with plaintiff that Supreme Court erred in granting defendants' respective motions and cross motion for summary judgment dismissing the amended complaint. Culeton, as the owner of the property, had a duty to keep his premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Smilinich v Mays*, 262 AD2d 1049 [1999]), and he failed to meet his initial burden of establishing that he did not have actual or constructive notice of the alleged dangerous condition (*see Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1378 [2008]). With respect to Furdi's and Malone, they failed to meet their initial burden, respectively, of establishing that they did not create the allegedly dangerous condition (*see Altamirano v Door Automation Corp.*, 48 AD3d 308 [2008]; *see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Miller v Pike Co., Inc.*, 52 AD3d 1240 [2008]).

Contrary to defendants' contentions, the fact that plaintiff does not recall how she fell into the trench is not dispositive. Plaintiff alleges that her injuries were caused by defendants' negligence in failing to place a barricade around the open trench (*see generally Walters v Castle Vil. Owners Corp.*, 166 AD2d 316 [1990]), and defendants made no showing that they were not negligent under the common law in failing to provide such protection. Plaintiff also alleges that defendants' violation of 12

NYCRR 23-1.33 (a) (1) and 23-4.2 (h) provides some evidence of negligence (*see generally Conte v Large Scale Dev. Corp.*, 10 NY2d 20, 29 [1961]; *De Vivo v Dartwood Realty Co.*, 33 AD2d 1022 [1970]), and defendants failed to establish as a matter of law that those regulations are not applicable to the facts of this case. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.