Judgment, Supreme Court, New York County (Debra A. James, J.), entered August 25, 2008, which, following a jury verdict in defendant’s favor, dismissed the complaint, reversed, on the law, without costs, the judgment vacated, the complaint reinstated and the matter remanded for a new trial.
This personal injury action was brought by a security guard at Lincoln Center, who was operating a large motorized door when part of the mechanism for opening the door—a metal arm—broke off and hit him in the head. The defendant, Door Automation Corp. (DAC), had contracted with Lincoln Center to do repairs, and had repaired the door in question 11 times in the year preceding plaintiff’s accident. Apparently, DAC informed Lincoln Center that the doors were being used to push garbage dumpsters—a practice which put undue force on them, and was causing them to repeatedly break. In its initial repair of the door, DAC manufactured an arm and connector for it. DAC did this by copying the existing components. However, while the connector on the existing door was a shear pin (a device designed to break under excess stress), the manual for this type of door required a “Woodruff key,” which would prevent *402 the arm from falling in the event that the connection was broken.
In a prior appeal denying DAC’s summary judgment motion to dismiss as against it, we found issues of fact as to whether DAC’s repairs brought it “within the exception to the rule normally precluding contractual third-party tort liability” (Altamirano v Door Automation Corp., 48 AD3d 308, 309 [2008]).
At the ensuing trial, the court instructed the jury that plaintiff had the burden of proving: “One, that the defendant [DAC], was negligent in performing repair services under its contract with Lincoln Center and that such negligence launched a force or instrument of harm; and, two, that the force or instrument of harm that was launched was a substantial factor in causing plaintiffs injury.” The charge repeated the phrase “launched a force or instrument of harm” several times, despite the fact that this language is a quotation from Mock Co. v Rensselaer Water Co. (247 NY 160, 168 [1928]), a case addressing the appropriate breadth of the zone of tort liability for third-party contractor defendants. On this appeal, plaintiff contends that by repeating the “launched a force or instrument of harm” language throughout its charge, the court confused and misled the jury, precluding its fair consideration of the facts. We agree.
The court is required to clearly define for the jury what it must find in order to determine whether there was negligence (see Green v Downs, 27 NY2d 205 [1970]). A charge must be precise, specifically related to the claim of liability, and it must state and outline separately the disputed issues of fact as the nature of the case and the evidence require (id. at 208-209). Here the court’s instructions did not concisely explain, in fact-specific terms, what the jury needed to find in order to determine DAC’s liability for alleged negligent repair work. Instead, it was both misleading and confusing, because the charge included instructions regarding third-party contractors’ tort liability. Because the error precluded the jury’s fair interpretation of the evidence, we remand for a new trial (Ortiz v Kinoshita & Co., 30 AD2d 334, 337 [1968]; Placakis v City of New York, 289 AD2d 551, 552 [2001]). Concur—Gonzalez, P.J., Mazzarelli and Acosta, JJ.