Nardelli and Abdus-Salaam, JJ.,
dissent in a memorandum by Nardelli, J., as follows: Inasmuch as I believe that the court’s charge was not confusing and that it did not include extraneous information about tort liability of third-party contractors, I would affirm.
In this Court’s prior decision (Altamirano v Door Automation Corp., 48 AD3d 308 [2008]), it was stated, “Defendant failed to *403 make a prima facie showing of entitlement to judgment as a matter of law because there are factual issues as to whether defendant’s repair of the door created an unreasonable risk of harm to others” (id. at 308). The appeal was from a denial of defendant’s motion for summary judgment. The record in the prior appeal shows that the motion court had found that there were issues of fact as to whether the repair of the door created an unreasonable risk of harm and this court agreed there were issues of fact precluding the grant of the motion. On a motion for summary judgment, “ ‘issue-finding, rather than issue-determination, is the key to the procedure’ ” (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], quoting Esteve v Abad, 271 App Div 725, 727 [1947]). “If and when the court reaches the conclusion that a genuine and substantial issue of fact is presented, such determination requires the denial of the application for summary judgment” (Esteve at 727).
Thus, since this Court denied the motion for summary judgment with a finding that there were factual issues, its inquiry was over. Any other observations made in the decision were, at best, explanations in support of its holding that issues of fact were presented, or, at worst, dicta, that contradict this holding.
Nevertheless, at trial, plaintiff erroneously sought to rely on the dicta when he made his requests to charge. For instance, during colloquy with the court at the charge conference, counsel stated, “[B]ecause what the law is, and what was found by the Appellate Division, is that [it] had a duty.” This Court made no such finding as between plaintiff and defendant.
Plaintiff alluded to this Court’s prior decision on several occasions during the colloquy, all the while misinterpreting the import of the decision. At one point counsel said, “[T]hey’re saying there’s a question of fact as to the first [whether defendant’s repair of the door created an unreasonable risk of harm to others], and they’re saying there’s no question of fact as to the second [whether a force or instrument of harm was launched].”
When asked by the court what charge should be offered, counsel said, “I would say that the alternative charge could be that, in undertaking to repair the door, [defendant] had a duty to not create an unreasonable risk of harm.” It is thus evident that the entire premise of plaintiff’s objections to the charge, and his own request, was that it had already been determined that, as a matter of law, defendant owed plaintiff a duty. In essence, plaintiff sought a directed verdict—i.e., a ruling that defendant had launched a dangerous instrument, and left for the jury only the virtually academic question of whether the launch *404 ing of the dangerous instrument created an unreasonable risk of harm.
In pertinent part, the charge stated:
“Under that contract, the defendant performed repairs to the doors on the garage room belonging to Lincoln Center, and that was on an on-call basis. Now, you heard how defendant Door Automation Corporation would be responsible only to Lincoln Center, the entity with whom it had a contract, and would not be responsible—would have no duty, that is—to the plaintiff, Christian Altamirano, who’s not a party to the contract.
“However, jurors there are three exceptions to that rule; that is, three situations in which a party entering into a contract to render services to another may be liable to third parties. Now, jurors, I will instruct you, happily, only with respect to one of the three exceptions, as the other two are not applicable here.
“Now, that exception that constitutes the law applicable to this case is that a contracting party may be liable in negligence to third parties—that is, again, someone who’s not a party to the contract—where the contracting party, in failing to exercise reasonable care in performing work under that contract, launches a force or instrument of harm that injuries a third person.
“So, in order to recover, jurors, plaintiff Christian Altamirano has the burden of proving: [o]ne, that the defendant, Door Automation Corporation, was negligent in performing repair services under its contract with Lincoln Center and that such negligence launched a force or instrument of harm; and two, that the force or instrument of harm that was launched was a substantial factor in causing plaintiffs injury.
“So, jurors, you must first consider whether defendant Door Automation Corporation was negligent in performing the repair services under the contract that thereby launched a force or instrument of harm.
“If you find that the defendant Door Automation Corporation was negligent in performing the repair services under the contract and thereby launched a force or instrument of harm, you must then consider whether such force or instrument of harm was a substantial factor in bringing about injury to the plaintiff.”
This charge accurately tracked the law with regard to when a third-party contractor may have tort liability (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]), and explained to the jurors the circumstances under which they could find applicable the exception to the general proscription against liability *405 for such contractors. Nothing in the charge was incorrect or confusing—defendant could only be liable to plaintiff if the jury found that it had “launched a force or instrument of harm.”
Consequently, since the charge was clear and accurate, as given, I would affirm.