# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**335**
**CA 10-02164**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

SALLY SIEGL AND JOHN SIEGL, PLAINTIFFS,

V                                    MEMORANDUM AND ORDER

NEW PLAN EXCEL REALTY TRUST, INC., DEFENDANT.
-------------------------------------------------
NEW PLAN EXCEL REALTY TRUST, INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

AALCO SEPTIC & SEWER, INC., THIRD-PARTY
DEFENDANT-RESPONDENT,
AND JAMES G. BONGIOVANNI, THIRD-PARTY DEFENDANT.

---

SASSANI & SCHENCK, P.C., LIVERPOOL (MITCHELL P. LENCZEWSKI OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ALAN J. DEPETERS OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered September 14, 2010 in a personal injury action. The order granted the motion of third-party defendant AALCO Septic & Sewer, Inc. for summary judgment dismissing the amended third-party complaint against it.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Sally Siegl (plaintiff), who fell in a parking lot owned by defendant-third-party plaintiff, New Plan Excel Realty Trust, Inc. (New Plan). Third-party defendant AALCO Septic & Sewer, Inc. (AALCO) had been hired by New Plan to repair a water main break approximately two months before plaintiff fell, and AALCO had to dig a hole in the parking lot to reach the broken water main. After repairing the water main, AALCO refilled the hole and covered it with crushed stones to make the area level to the rest of the parking lot. According to New Plan, the stones thereafter settled and thereby caused a depression in the parking lot, and that is the area where plaintiff fell. New Plan appeals from an order granting AALCO's motion for summary judgment dismissing the amended third-party complaint against it, which asserted, inter alia, a claim for common-

law indemnification and a cause of action for contribution.  We conclude that Supreme Court properly granted the motion.

It is well settled that the " 'right of common-law indemnification belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their part' " (*Brickel v Buffalo Mun. Hous. Auth.*, 280 AD2d 985, 985).  " '[W]here one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent' . . . . Conversely, where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy" (*Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646).  Here, even assuming, arguendo, that AALCO was negligent in the performance of its duties under its oral contract with New Plan to repair the water main in New Plan's parking lot, we conclude that New Plan was itself negligent in failing to conduct an adequate inspection of its own parking lot and to remedy any defective conditions therein (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 582).

We further conclude that New Plan is not entitled to contribution from AALCO.  "To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (*Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809; *see Bruno v Price Enters.*, 299 AD2d 846).  Here, AALCO did not owe a duty of reasonable care independent of its obligations based on its oral contract with New Plan.  The record establishes as a matter of law that AALCO was hired to repair the broken water main, not to ensure that the hole in the parking lot surface was permanently repaired, and that AALCO exercised reasonable care in the performance of those contractual duties.

We cannot agree with the dissent that AALCO failed to meet its initial burden of establishing as a matter of law that it owed no duty of care directly to the injured plaintiff (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136).  As a preliminary matter, we note that New Plan did not raise that contention either before the motion court or on appeal, and thus any such issue is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984).  Indeed, New Plan appears to concede on appeal that AALCO owed no duty to plaintiff, stating in its brief that "the *only* relationship at issue before the [c]ourt on the motion was the relationship between AALCO and New Plan" (emphasis added).

Even assuming, arguendo, that the issue addressed by the dissent is properly before us, we conclude that it lacks merit.  As the dissent notes, "a party who enters into a contract to render services may be said to have assumed a duty of care . . . to third [parties] . . . where [that] party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*Espinal*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water*

*Co.*, 247 NY 160, 168).  In our view, however, AALCO established as a matter of law that it did not launch a force or instrumentality of harm, and New Plan failed to raise a triable issue of fact in opposition.  AALCO's vice-president testified without contradiction that, after refilling the hole with stone and leveling it with the remainder of the parking lot, AALCO workers placed large barrels around the area and cordoned it off with tape before leaving the work site.  At that point, AALCO's duties under the contract were complete, and it cannot be said that AALCO thereby placed anyone in danger.  We thus conclude that AALCO established as a matter of law that it exercised reasonable care in the performance of its contractual duties, which did not include the obligation to ensure that the refilled hole remained forever level with the pavement in the parking lot, and plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except PERADOTTO, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully dissent in part because, in my view, there is a question of fact whether third-party defendant AALCO Septic & Sewer, Inc. (AALCO) created the dangerous condition in question, thereby rendering it liable for injuries sustained by Sally Siegl (plaintiff) (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142).

Plaintiffs commenced this action seeking damages for injuries that plaintiff sustained when she fell in a parking lot owned by defendant-third-party plaintiff, New Plan Excel Realty Trust, Inc. (New Plan).  Approximately two months prior to the accident, New Plan hired AALCO to repair a broken water main located underneath the parking lot.  To access the water main, AALCO cut through the pavement and dug a hole in the parking lot that was approximately six feet long by six feet wide and seven feet deep.  After repairing the water main, AALCO refilled the excavated area and topped it with "cold patch," i.e., a mixture of crushed stone and tar, which was then tamped down and sealed.  During the period of time between the placement of the cold patch and plaintiff's accident, the crushed stones apparently settled, causing a depression in the parking lot in the area where plaintiff fell.  New Plan commenced a third-party action against AALCO seeking, inter alia, common-law indemnification and contribution.  In its bill of particulars, New Plan alleged that AALCO "caus[ed] the defect" in the parking lot by "failing to adequately and properly refill the hole caused by their excavation work" and that AALCO "created a hazardous depression in the parking lot . . . ."

I agree with the majority that Supreme Court properly granted that part of AALCO's motion for summary judgment dismissing the common-law indemnification claim against it inasmuch as "[t]he right of common-law indemnification belongs to parties determined to be vicariously liable *without proof of any negligence or active fault on their part*" (*Brickel v Buffalo Mun. Hous. Auth.*, 280 AD2d 985, 985 [emphasis added]).  As the majority correctly notes, regardless of AALCO's negligence in the performance of its repair work, New Plan was itself negligent in failing to conduct an adequate inspection of its

parking lot and in failing to remedy any defective conditions therein (*see generally Basso v Miller*, 40 NY2d 233, 241).

In my view, however, the court erred in granting that part of AALCO's motion for summary judgment dismissing the contribution cause of action against it. It is well settled that "a party [that] enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons . . . where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*Espinal*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168) or, in other words, where that party creates or exacerbates a dangerous condition (*see id.* at 142-143). Here, AALCO's own submissions raised a triable issue of fact whether it "launched an instrument of harm by creating or exacerbating a hazardous condition," i.e., the depression in the parking lot (*Trzaska v Allied Frozen Stor., Inc.*, 77 AD3d 1291, 1293; *see Espinal*, 98 NY2d at 142-143; *see also Miller v Pike Co., Inc.*, 52 AD3d 1240). In support of its motion, AALCO submitted, inter alia, the deposition testimony of one of New Plan's maintenance workers, who testified that he does not typically monitor areas of the parking lot that have been treated with cold patch because cold patch "normally holds." Here, the cold patch allegedly settled approximately two inches within six to eight weeks after it was applied by AALCO. In my view, the development of such a significant depression within a relatively short period of time warrants at least an inference of negligence on the part of AALCO in filling the hole that it created, applying the cold patch, tamping it down, and/or sealing the area. I thus conclude that "there are triable issues of fact whether [AALCO] created or exacerbated the allegedly dangerous condition that caused plaintiff to fall" (*Miller*, 52 AD3d at 1240), precluding dismissal of the contribution cause of action against it.

I would therefore modify the order by denying that part of AALCO's motion for summary judgment dismissing the contribution cause of action against it and reinstating that cause of action.

Entered:  May 6, 2011                      Patricia L. Morgan
                                           Clerk of the Court