Garcia v Black Sea Props., LLC (2024 NY Slip Op 02473)

Garcia v Black Sea Props., LLC

2024 NY Slip Op 02473

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

944 CA 22-01680

[*1]SANDRA GARCIA, PLAINTIFF-RESPONDENT,
v
BLACK SEA PROPERTIES, LLC, PEP BOYS-MANNY, MOE & JACK OF DELAWARE, INC., DEFENDANTS. 
PEP BOYS-MANNY, MOE & JACK OF DELAWARE, INC., THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT,
v
FACILITYSOURCE, LLC, THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT, AND RED ROSE LANDSCAPING, LLC, THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (KELLY J. PARE OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 
CLYDE & CO US LLP, NEW YORK CITY (KEVIN C. MCCAFFREY OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT. 
RUPP PFALZGRAF LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
LAW OFFICES OF ROBERT D. BERKUN, LLC, AMHERST (KENETH P.L. LOWE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal and cross-appeals from an order of the Supreme Court, Erie County (Amy C. Martoche, J.), entered October 4, 2022. The order, among other things, granted in part the motion of third-party defendant Red Rose Landscaping, LLC for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of third-party defendant FacilitySource, LLC, in part and dismissing the causes of action against it for contribution, common-law indemnification, and the failure to procure insurance and the cross-claims against it for contribution and common-law indemnification; and denying third-party defendant Red Rose Landscaping, LLC's motion in its entirety and reinstating FacilitySource, LLC's cross-claim against it for failure to procure insurance, and as modified the order is affirmed without costs.
Memorandum: This personal injury action arose when plaintiff slipped and fell in the parking lot on property owned by defendant Black Sea Properties, LLC (Black Sea) and leased by defendant-third-party plaintiff Pep Boys—Manny, Moe & Jack of Delaware, Inc. (Pep Boys). Pep Boys contracted with third-party defendant FacilitySource, LLC (FacilitySource) to manage the subject property. Included in the scope of FacilitySource's responsibilities was snow and ice removal. In order to fulfill its snow and ice removal obligations, FacilitySource entered into a Service Provider Agreement (SPA) with third-party defendant Red Rose Landscaping, LLC (Red Rose).
Plaintiff commenced this action against Black Sea and Pep Boys, alleging that they had failed to maintain the subject premises in a reasonably safe condition. Pep Boys answered and commenced a third-party action against FacilitySource and Red Rose, asserting causes of action [*2]for contribution, common-law indemnification, and contractual indemnification, as well as a cause of action against FacilitySource for failing to procure insurance naming Pep Boys as an additional insured. Red Rose answered and asserted a cross-claim against FacilitySource for indemnification and contribution. FacilitySource answered and asserted its own cross-claims against Red Rose for common-law indemnification and contribution, contractual indemnification, and failure to procure insurance naming FacilitySource as an additional insured.
Red Rose moved for summary judgment seeking dismissal of all claims and cross-claims against it. FacilitySource moved for summary judgment dismissing the amended third-party complaint and cross-claims against it, and for summary judgment on FacilitySource's cross-claims against Red Rose for contractual indemnification and failing to procure insurance. Pep Boys cross-moved for, inter alia, summary judgment on the amended third-party complaint and dismissing the amended complaint against it.
Supreme Court granted Red Rose's motion for summary judgment in part by dismissing the cross-claim against it alleging that it had failed to procure insurance coverage. The order otherwise denied the motions and cross-motions. FacilitySource appeals, and Pep Boys and Red Rose cross-appeal.
In its cross-appeal, Red Rose contends that it established its entitlement to summary judgment by demonstrating that plaintiff was unable to identify the cause of her fall without engaging in improper speculation and, therefore, all claims and cross-claims against it must be dismissed. We reject that contention. "To establish a prima facie case of negligence based wholly on circumstantial evidence, '[i]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986], quoting Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7 [1938]). Here, although Red Rose submitted the deposition testimony of plaintiff, wherein she testified that she did not see what caused her fall, she also testified that there was a "lot of water and slush and ice on the ground where [she] was walking" and affirmed that she felt her "foot slip out from under [her]." Additionally, after she fell, her clothes were "soaking wet," and there was a "little bit" of slush on her jacket. Thus, Red Rose failed to meet its initial burden of establishing that plaintiff "was unable to specify what caused her to fall 'without engaging in speculation' " (Smart v Zambito, 85 AD3d 1721, 1721 [4th Dept 2011]; cf. McGill v United Parcel Serv., Inc., 53 AD3d 1077, 1077 [4th Dept 2008]). Although plaintiff could not specifically identify the cause of her fall, there is "sufficient evidence in the record from which a jury could reasonably conclude that the [water, slush, and ice] caused or contributed to plaintiff's accident" (Trzaska v Allied Frozen Stor., Inc., 77 AD3d 1291, 1293 [4th Dept 2010]). Stated another way, plaintiff's deposition testimony in which she stated that she fell in the "immediate vicinity" where she observed the water, slush, and ice rendered "any other potential cause of her fall 'sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (Nolan v Onondaga County, 61 AD3d 1431, 1432 [4th Dept 2009]; see generally Schneider, 67 NY2d at 744).
Regarding the cause of action and cross-claims for contractual indemnification, FacilitySource contends on its appeal that the court erred in denying those parts of its motion seeking summary judgment dismissing Pep Boys's cause of action for contractual indemnification against it and seeking summary judgment on its cross-claim for contractual indemnification against Red Rose. Pep Boys contends on its cross-appeal that the court erred in denying its cross-motions with respect to the contractual indemnification causes of action against FacilitySource and Red Rose. Red Rose contends on its cross-appeal that the court erred in denying that part of its motion seeking summary judgment dismissing the cause of action and cross-claim against it for contractual indemnification. We reject those contentions.
As an initial matter, contrary to Red Rose's suggestion, Pep Boys, as FacilitySource's customer, is an intended third-party beneficiary of the indemnification provision of the SPA as a matter of law (see generally Beasock v Canisius Coll., 126 AD3d 1403, 1404 [4th Dept 2015]). Thus, insofar as Red Rose claims that Pep Boys is not entitled to contractual indemnification based on lack of privity, that claim is rejected.
" '[T]he right to contractual indemnification depends upon the specific language of the [*3]contract' " (Vega v FNUB, Inc., 217 AD3d 1475, 1479 [4th Dept 2023]; see Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018]). The contractual indemnification cause of action and cross-claim against Red Rose arise from the SPA. In pertinent part, the SPA requires Red Rose to indemnify FacilitySource and FacilitySource's customers for claims arising out of "(i) any act or omission of [Red Rose] . . . ; (ii) any failure of [Red Rose] . . . to perform the Services [under the SPA] in accordance with generally accepted industry and professional standards; (iii) any breach of [Red Rose's] representations as set forth in [the SPA]; or (iv) any other failure of [Red Rose] . . . to comply with the obligations on [Red Rose's] part to be performed" (collectively, triggering event). Also, pursuant to the SPA, Red Rose was required to "plow and shovel snow" in various areas on the subject property when at least two inches of snow had fallen with the objective of achieving bare pavement and in a manner that avoided impeding customer access to parking, sidewalks and customer entrances. The SPA required Red Rose to perform various de-icing services, as necessary, after plowing and "in freezing conditions, or in anticipation of freezing conditions."
Here, although the record before the court contained evidence that Red Rose serviced the property at 3:00 a.m. on the date of plaintiff's accident and regarding which vehicles were involved in that service, the record is devoid of evidence about the services actually performed at that time. Moreover, there is no evidence regarding the temperature on the morning of the incident, or whether a sufficient amount of snow had fallen that would require Red Rose to perform its contractual duties. Thus, we conclude that there are triable issues of fact whether Red Rose's acts or omissions constituted a triggering event requiring it to indemnify FacilitySource or Pep Boys pursuant to the SPA. The court therefore properly denied those parts of the cross-motion of Pep Boys and the motion of FacilitySource seeking summary judgment on the cause of action and cross-claim, respectively, for contractual indemnification against Red Rose, and also properly denied that part of the motion of Red Rose seeking summary judgment dismissing the contractual indemnification cause of action and cross-claim against it (see generally Olivieri v Barnes & Noble, Inc., 208 AD3d 1001, 1003-1004 [4th Dept 2022]).
Similarly, based upon the language of the Master Services Agreement (MSA) between Pep Boys and FacilitySource, we conclude that the court properly denied that part of Pep Boys's cross-motion and that part of FacilitySource's motion with respect to the contractual indemnification cause of action against FacilitySource. Pursuant to the indemnification provision in the MSA, FacilitySource was required to indemnify Pep Boys for FacilitySource's own negligence in the performance of its contractual duties or for the negligence of its subcontractor, i.e., Red Rose. As noted, inasmuch as there is no evidence regarding the temperature, the amount of snowfall, or what services Red Rose performed on the date of the accident, issues of fact exist whether Red Rose was negligent and thus whether the indemnification provision in the MSA was triggered (see generally Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904 [4th Dept 2014]; Hennard v Boyce, 6 AD3d 1132, 1134 [4th Dept 2004]; Brickel v Buffalo Mun. Hous. Auth., 280 AD2d 985, 985 [4th Dept 2001]). Further, insofar as Pep Boys contends that it is entitled to indemnification from FacilitySource based upon FacilitySource's negligent selection of Red Rose as a contractor, we agree with the court that such a contention incorrectly presupposes a finding that Red Rose actually acted negligently.
With respect to Pep Boys's cause of action and Red Rose's cross-claim for contribution against FacilitySource, FacilitySource contends on its appeal that the court erred in denying that part of its motion for summary judgment dismissing the contribution cause of action and cross-claim against it because it owed no independent duty of care to plaintiff. We agree, and we therefore modify the order accordingly. " 'To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries' " (Siegl v New Plan Excel Realty Trust, Inc., 84 AD3d 1702, 1703 [4th Dept 2011]). A claim for contribution should be dismissed when the party from which contribution is sought owed no legal duty to the injured plaintiff or the party seeking contribution other than its contractual obligations (see Abramowitz v Home Depot USA, Inc., 79 AD3d 675, 677 [2d Dept 2010]). Here, FacilitySource established that it did not owe Pep Boys or Red Rose a legal duty outside of its contractual obligation. Thus, the viability of the contribution claim and cross-claim against FacilitySource turns on whether it owed plaintiff a duty of care.
Regarding that issue, the Court of Appeals has explained that, "a party who enters a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of [their] duties, launche[s] a force or instrument of harm . . . ; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . , and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). Here, FacilitySource established that none of the Espinal exceptions apply, and neither Pep Boys nor Red Rose raised a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). For the same reasons that we conclude that FacilitySource is entitled to summary judgment dismissing the contribution cause of action and cross-claim against it, we reject Pep Boys's contention on its cross-appeal that the court erred in denying that part of its cross-motion seeking summary judgment on the contribution cause of action against FacilitySource.
By contrast, contrary to the contentions of Red Rose on its cross-appeal, we conclude that the court properly denied Red Rose's motion for summary judgment insofar as it sought dismissal of Pep Boys's and FacilitySource's respective cause of action and cross-claim for contribution against it because there are triable issues of fact whether Red Rose failed to exercise reasonable care in the performance of its duties and thereby launched a force or instrument of harm (see Meyers-Kraft v Keem, 64 AD3d 1172, 1173 [4th Dept 2009]; see also Bregaudit v Loretto Health & Rehabilitation Ctr., 211 AD3d 1582, 1583-1584 [4th Dept 2022]). As stated above, there is no evidence regarding what services Red Rose performed on the date of the accident or if it left the ice and snow that allegedly caused plaintiff's slip and fall. Thus, because a triable issue of fact exists, there is no basis to grant that part of Red Rose's motion seeking summary judgment dismissing the contribution cause of action or cross-claim against it. To the extent that Pep Boys contends on its cross-appeal that the court erred in denying that part of its cross-motion seeking summary judgment on its cause of action for contribution against Red Rose, we reject that contention for the same reason.
We further agree with FacilitySource on its appeal that the court erred in denying that part of its motion seeking summary judgment dismissing the common-law indemnification cause of action and cross-claim against it, and we therefore further modify the order accordingly. "[T]o establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence . . . but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Provens v Ben-Fall Dev., LLC, 163 AD3d 1496, 1499 [4th Dept 2018] [internal quotation marks omitted]). Here, FacilitySource met its initial burden on its motion of establishing that it was free of any " 'negligence that contributed to the cause of plaintiff's accident' " (York v Thompson Sta. Inc., 172 AD3d 1593, 1597 [3d Dept 2019]), and Pep Boys and Red Rose did not raise an issue of fact in opposition thereto. Thus, we likewise reject Pep Boys's contention on its cross-appeal that the court erred in denying that part of its cross-motion seeking summary judgment on the common-law indemnification cause of action against FacilitySource.
Contrary to the contention of Pep Boys and Red Rose on their respective cross-appeals, we conclude that the court properly denied that part of Red Rose's motion seeking summary judgment dismissing the common-law indemnification cause of action and cross-claim against it and that part of Pep Boys's cross-motion seeking summary judgment on its common-law indemnification cause of action against Red Rose. There are issues of fact whether Red Rose's negligence may have contributed to plaintiff's accident, i.e., whether it launched the force or instrument of harm that resulted in plaintiff's injury (see generally Espinal, 98 NY2d at 140).
FacilitySource further contends on its appeal that the court erred in denying that part of its motion seeking summary judgment dismissing Pep Boys's cause of action against it for failure to procure and maintain insurance. We agree, and we further modify the order accordingly. FacilitySource met its initial burden with respect to that part of the motion. Pep Boys did not oppose the motion to that extent, thus implicitly conceding FacilitySource's entitlement to summary judgment on that ground (see Whitaker v Kennedy/Town of Poland, 162 AD3d 1542, 1543-1544 [4th Dept 2018]; Hagenbuch v Victoria Woods HOA, Inc., 125 AD3d 1520, 1521 [4th Dept 2015]), and, in any event, failed to raise an issue of fact precluding summary judgment (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Contrary to the contention of Red Rose on its cross-appeal, we conclude that triable issues of fact exist whether Red Rose procured the required insurance and, therefore, we agree with FacilitySource on appeal that the court erred in granting that part of Red Rose's motion seeking summary judgment dismissing FacilitySource's cross-claim for failure to procure insurance (see generally Zuckerman, 49 NY2d at 562). We further modify the order accordingly.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court